UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EUGENE BRIAN GARVIE,

                 Petitioner,

    v.

JASON BENNETT,

                 Respondent.

CASE NO. 2:24-cv-01017-BHS-GJL

REPORT AND RECOMMENDATION

NOTING DATE: **August 1, 2024**

The District Court has referred this federal habeas action to United States Magistrate Judge Grady J. Leupold. Petitioner Eugene Brian Garvie proceeding *pro se*, has filed a Motion to Proceed *In Forma Pauperis* ("IFP") (Dkt. 1), a Proposed habeas Petition (Dkt. 1-1), and other Proposed Motions and Requests (Dkts. 1-3, 1-5, 1-6, 4, 5, 6, 7, 8).

Upon review of his Proposed Petition, it is clear Petitioner is not entitled to habeas relief in this Court as the instant action is second or successive. Accordingly, the undersigned **DECLINES** to order service upon Respondent pursuant to Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"), recommends the Proposed Petition (Dkt. 1-1) be **DISMISSED**

**without prejudice** for lack of jurisdiction, and further recommends the IFP Motion (Dkt. 1) and all other proposed filings (Dkts. 1-3, 1-5, 1-6) be **DENIED as moot**.

## I. BACKGROUND

Petitioner is currently in custody at Stafford Creek Corrections Center, where he is serving a prison sentence arising out of his state conviction for second-degree rape of a child, sexual exploitation of a minor, and two counts of possession of depictions of a minor entered in *State of Washington v. Eugene Brian Garvie*, Superior Court of Snohomish County Cause No. 06-1-01151-6. As his sole ground for relief, Petitioner argues that a Washington State sentencing statute permitting a board to make decisions about the conditions of his sentence violates the Sixth Amendment to the United States Constitution. *See* Dkt. 1-1 at 6; Dkt. 1-2.

Petitioner has filed three separate federal habeas petitions challenging the same underlying state court conviction. *See Garvie v. State of Washington,* No. 2:18-cv-01371-JRL (W.D. Wash.) (filed September 17, 2018); *Garvie v. Bennett,* No. 2:24-cv-00232-RAJ (W.D. Wash.) (filed February 21, 2024); *Garvie v. Bennett,* No. 2:24-cv-00336-BHS (W.D. Wash.) (filed March 11, 2024) (hereinafter "First," "Second," and "Third Petition", respectively).

In his First Petition, Petitioner raised seven grounds for federal habeas relief; after concluding that one ground did not fall within the scope of habeas corpus and concluding that all others were time barred, this Court denied the First Petition with prejudice. *See Garvie,* No. 2:18-cv-01371-JRL, at Dkts. 9, 10, 11 (judgment entered on March 25, 2019).

As for his Second Petition, it was found to be successive to the First Petition and also time-barred, so the Court dismissed the Second Petition with prejudice on April 17, 2024. *Garvie,* No. 2:24-cv-00232-RAJ, at Dkts. 8, 14, 15. Although a certificate of appealability was

1  denied in that case, *id.*, Petitioner filed a notice of appeal to the Ninth Circuit on May 7, 2024, *id.*
2  at Dkt. 16 (Notice of Appeal No. 24-2965).

3        Finally, Petitioner's Third Petition was deemed successive and dismissed without
4  prejudice for lack of jurisdiction. *Garvie,* No. 2:24-cv-00336-BHS, at Dkts. 4, 8, 9 (judgment
5  entered on May 23, 2024). Petitioner was similarly denied a certificate of appealability in that
6  case, *id.*, but he again filed a notice of appeal to the Ninth Circuit. *Id.* at Dkt. 12 (Notice of
7  Appeal No. 24-3606).

8        Less than six months after he filed his Second and Third Petitions and while his appeals
9  were still pending, Petitioner filed the instant action. The Court now screens his Proposed
10 Petition to determine whether ordering service upon Respondent is appropriate.

11                       **II.**        **LEGAL STANDARD**

12       Under Rule 4 of the Habeas Rules, the Court is required to perform a preliminary review
13 of a habeas petition. The Rule specifically directs the Court to dismiss a habeas petition before
14 the respondent is ordered to file a response, if it "plainly appears from the petition and any
15 attached exhibits that the petitioner is not entitled to relief in the district court."

16       Under Rule 2(a) of the Habeas Rules, "the petition must name as respondent the state
17 officer who has custody." Further, the petition must:

18         (1) specify all the grounds for relief available to the petitioner; (2) state the facts
           supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or
19         legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or
           person authorized to sign it for the petitioner under 28 U.S.C. § 2242.
20

21 *Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district
22 court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).
23 //
24

REPORT AND RECOMMENDATION - 3

Finally, Rule 9 of the Habeas Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

Failure to do so deprives the district court of jurisdiction over a successive petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010).

### III.   DISCUSSION

**A.   Petitioner's Only Avenue for Seeking Federal Habeas Relief is 28 U.S.C. § 2254**

Although Petitioner indicates he is filing a § 2241 petition and uses the standard form for such petitions, he is currently confined pursuant to the state court judgment of conviction entered in *State of Washington v. Eugene Brian Garvie*, Superior Court of Snohomish County Cause No. 06-1-01151-6. Dkt. 1-1 at 1. As such, the Proposed Petition is construed as one filed under 28 U.S.C. § 2254, which is the only available mechanism for Petitioner to challenge his current confinement in federal court. *See Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section 2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the petitioner is not challenging his underlying state court conviction.'") (quoting *White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). The Court notes that this is well known to Petitioner, as he has previously filed a similar § 2241 petition challenging his current confinement to no avail. *See Garvie*, No. 2:24-cv-00232-RAJ, at Dkt. 8.

**B.   The Court Lacks Jurisdiction Over Petitioner's Successive Proposed Petition**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies only to petitions adjudicated and denied on the merits in the previous federal habeas corpus

REPORT AND RECOMMENDATION - 4

proceeding." *Turner v. Terhune*, 78 F. App'x 29, 30 (9th Cir. 2003) (citing *Steward v. Martinez-Villareal*, 523 U.S. 637, 645 (1998)).

"A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing *Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)). Thus, adjudication on the merits occurs when a prior petition is dismissed with prejudice because a procedural default forecloses review by federal courts. *McNabb*, 576 F.3d at 1029. Additionally, when a prior habeas petition is dismissed as untimely, the dismissal constitutes a resolution on the merits and a permanent bar to successive petitions. *Id*. at 1030. However, "[a] habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits" in the prior petition. *Id.* at 1029.

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of such an order authorizing review, a district court lacks jurisdiction to consider a second or successive petition. *See Magwood*, 561 U.S. at 331; *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Stated another way, this Court is unable to review habeas claims that could have been brought in a prior petition, unless the petitioner first obtains permission from the Ninth Circuit to file a successive petition.

Accordingly, in determining whether it has jurisdiction over a potentially successive petition, the Court must assess whether: (1) the prior petition was adjudicated on the merits, (2) the habeas claims raised in the new petition were raised in the prior petition and (3) the petitioner obtained permission to file the new petition. *Id.* If the first and second questions are answered in

REPORT AND RECOMMENDATION - 5

the affirmative, the answer to the final question must also be "yes." Otherwise, the Court lacks jurisdiction, and the successive petition must be dismissed.

Here, the answer to the first question is "yes"— Petitioner's First and Second Petitions were dismissed as time barred, which constitute adjudications on the merits. *McNabb*, 576 F.3d at 1030. So, the Court proceeds to the second question: could the habeas claims brought in the Proposed Petition have also been raised in a prior petition? The answer to that question is also "yes."

The sole ground for habeas relief raised in the Proposed Petition is that certain provisions of a Washington State sentencing statute violate the United States Constitution. Dkt. 1-1 at 6. Petitioner argues a prior version of Wash. Rev. Code § 9.94A.712—which was last amended and recodified in July 2009—runs afoul of the United States Supreme Court decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004), and *Alleyne v. United States*, 570 U.S. 99 (2013). Dkts. 1-1, 1-2. Both the prior version of the challenged statute and the constitutional authority on which Petitioner relies existed when he filed his First and Second Petitions, and Petitioner does not explain why he could not raise the instant claim at those times.

Moreover, there is no indication that Petitioner is challenging a decision made after his First and Second Petition were filed. Thus, the Court finds the sole ground for relief raised in Petitioner's Proposed Petition could have been raised in a prior petition.

Therefore, the Court proceeds to the final question: did Petitioner obtain permission before filing the Proposed Petition? The answer is "no," there is no evidence or allegation Petitioner obtained permission from the Circuit Court before filing his Proposed Petition. Although Petitioner has framed his Proposed Petition as one filed pursuant to 28 U.S.C. § 2241,

REPORT AND RECOMMENDATION - 6

the only available mechanism for him to seek federal habeas relief while he is confined on a state conviction is 28 U.S.C. § 2254. *See Dominguez*, 906 F.3d at 1135–36. Petitioner's framing of his Proposed Petition under 28 U.S.C. § 2241 does not permit him to circumvent the requirements of 28 U.S.C. § 2244(b)(3) and (4).

Accordingly, Petitioner's failure to obtain leave before filing his Proposed Petition necessitates dismissal of the instant action for lack of jurisdiction.

## IV.   CERTIFICATE OF APPEALABILITY

Because the Proposed Petition is treated as one seeking post-conviction relief under 28 U.S.C. § 2254, Petitioner may only appeal a district court's dismissal of his federal habeas petition after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue…only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not debate that the Proposed Petition is successive or that it should be dismissed for lack of jurisdiction. Accordingly, Petitioner is not entitled to a certificate of appealability with respect to his Proposed Petition.

## V.   CONCLUSION

For the reasons outlined above, Petitioner is not entitled to habeas relief as this Court lacks jurisdiction over his Proposed Petition. Thus, in accordance with Rule 4 of the Habeas Rules, the Court declines to serve the Proposed Petition and, instead, recommends this action be

REPORT AND RECOMMENDATION - 7

**DISMISSED without prejudice**, the IFP Motion (Dkt. 1) and all other proposed filings (Dkts. 1-3, 1-5, 1-6, 4, 5, 6, 7, 8) be **DENIED as moot**, and a certificate of appealability be **DENIED** in this case.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the District Judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 1, 2024**, as noted in the caption.

Dated this 18th day of July, 2024.

Grady J. Leupold
United States Magistrate Judge