1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                              AT TACOMA

8   EUGENE BRIAN GARVIE,                    CASE NO. C24-1017 BHS

                         Petitioner,        ORDER

9        v.

10  JASON BENNETT,

11                       Respondent.

12

13        THIS MATTER is before the Court on pro se petitioner Eugene Brian Garvie's

14  Federal Rule of Civil Procedure 60(b)(4) "Motion for Relief From Judgment

15  Recharacterization," Dkt. 19.

16        The Court adopted Magistrate Judge Grady J. Leupold's Report and

17  Recommendation (R&R), Dkt. 9, denied Garvie's habeas petition, denied a Certificate of

18  Appealability under 28 U.S.C. § 2253(c)(2), and dismissed the case without prejudice.

19  Dkt. 13. This Court agreed with the R&R that Garvie's petition was a second or

20  successive habeas petition; it was in fact his third. Garvie appealed. Dkt. 16.

21        Garvie's new post-judgment motion objects to the recharacterization of his § 2241

22  petition as a § 2254 petition, asks the Court to re-open his habeas, void the Order

1    adopting the R&R, and enter a new Order "consistent with reasonable jurists." Dkt. 19 at

2    2. Alternatively, he asks the Court to file his notice of appeal of the denial of his motion

3    for relief from judgment. *Id.*

4        The R&R squarely addressed and rejected Garvie's claim that his petition is a §

5    2241 petition, not a § 2254 petition:

6      Although Petitioner indicates he is filing a § 2241 petition and uses the
      standard form for such petitions, he is currently confined pursuant to the

7      state court judgment of conviction entered in *State of Washington v. Eugene*
      *Brian Garvie*, Superior Court of Snohomish County Cause No. 06-1-

8      01151-6. Dkt. 1-1 at 1. As such, the Proposed Petition is construed as one
      filed under 28 U.S.C. § 2254, which is the only available mechanism for

9      Petitioner to challenge his current confinement in federal court. *See*
      *Dominguez v. Kernan*, 906 F.3d 1127, 1135–36 (9th Cir. 2018) ("[Section

10     2254] 'is the exclusive vehicle for a habeas petition by a state prisoner in
      custody pursuant to a state court judgment, even when the petitioner is not

11     challenging his underlying state court conviction.'") (quoting *White v.*
      *Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). The Court notes that

12     this is well known to Petitioner, as he has previously filed a similar § 2241
      petition challenging his current confinement to no avail. *See Garvie*, No.

13     2:24-cv-00232-RAJ, at Dkt. 8.

14    Dkt. 9 at 4.

15        The Court will not void or vacate its prior Order, and it will not issue a Certificate

16    of Appealability under 28 U.S.C. § 2253(c)(2). This is a second or successive § 2254

17    habeas petition, and the Court does not have jurisdiction over it. Garvie must obtain an

18    order from the Court of Appeals authorizing the district court to consider the petition. 28

19    U.S.C. § 2244(b)(3); Rule 9 of the Habeas Rules; Ninth Circuit Rule 22-3; *see also*

20    *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). In the absence of such an order

21    authorizing review, a district court lacks jurisdiction to consider a second or successive

22

petition. *See Magwood*, 561 U.S. at 331; *Burton v. Stewart*, 549 U.S. 147, 157 (2007)."
Dkt. 9 at 5.

Garvie's motion, Dkt. 19, is **DENIED**. The case remains closed.

**IT IS SO ORDERED**.

Dated this 9th day of September, 2024.

BENJAMIN H. SETTLE
United States District Judge